**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Erick Somoza-Vega,         ) | No. CV-12-1618-PHX-SRB (LOA) |
|                            ) |  |
| Plaintiff,                 ) | **ORDER** |
|                            ) |  |
| vs.                        ) |  |
|                            ) |  |
| CO II Larry Brown, et al., ) |  |
|                            ) |  |
| Defendants.                ) |  |
|                            ) |  |

This matter is before the Court on Plaintiff's Supplemental Motion to Amend Complaint ("Supplemental Motion"), filed on August 27, 2013.[1] (Doc. 43) Defendants filed a Response on August 28, 2013 and Plaintiff filed a Reply on September 3, 2013.[2] (Docs. 46, 49) Plaintiff has attached proposed second amended complaints to the original and supplemental motions to amend that substantially comply with Local Rule (LRCiv) 15.1(a) (proposed amended pleading "must indicate in what respect it differs from the pleading

---

[1] Despite the title, the Clerk of Court docketed Plaintiff's "Supplemental Motion to Amend" as an "Amended" Motion to Amend, causing the original Motion to Amend Complaint, doc. 39, to no longer appear as a pending motion. (*See* doc. 43) In preparing this Order, the Court has considered both the original and the supplemental motions to amend.

[2] Defendants have requested oral argument. The Court has discretion to grant or deny a request for oral argument. *See* LRCiv. 7.2(f) ("The Court may decide motions without oral argument."); *see also Spradlin v. Lear Siegler Management Services Co.,* 926 F.2d 865, 867 (9th Cir. 1991) (holding that denial of request for oral argument is reviewed for abuse of discretion). Here, upon review of the original Motion to Amend, Supplemental Motion, Response and Reply, the Court finds an oral argument would not assist it in reaching a decision. The written filings provide sufficient information for the Court to issue a ruling.

which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."). (Docs. 39-1, 43-1)

## I. Background

Plaintiff initiated this action by filing, through counsel, a Civil Rights Complaint for Damages on July 27, 2012. (Doc. 1) Plaintiff subsequently filed a First Amended Civil Rights Complaint for Damages ("Amended Complaint") on September 10, 2012. (Doc. 4) The Amended Complaint alleges violations of Plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, the 8th and 14th Amendments to the United States Constitution, and the laws of the State of Arizona, arising out of an alleged assault on Plaintiff while he was incarcerated at the Arizona State Prison Complex - Lewis in Buckeye, Arizona. (Doc. 4 at 1, 3-5) On February 22, 2013, the assigned District Judge denied Defendants' Motion to Dismiss and ordered Defendants to file an Answer to the Amended Complaint. (Doc. 12) On April 5, 2013, the undersigned Magistrate Judge issued a Scheduling and Discovery Order. (Doc. 14) An Amended Scheduling and Discovery Order was issued on April 8, 2013, and on July 3, 2013, the parties' Joint Stipulation Regarding Discovery Deadlines was granted, resulting in an extension of several discovery and motions deadlines. (Docs. 15, 25) The Court stated in the Order granting the stipulation, which maintained the August 8, 2013 deadline for motions to amend, that "there will not be any further extensions of the case management deadlines in this case." (Doc. 25 at 3) Despite that clear warning, Plaintiff filed the first Motion to Amend on August 22, 2013 and the Supplemental Motion on August 27, 2013. (Docs. 39, 43) A second Joint Stipulation Regarding Discovery Deadlines was denied on August 9, 2013. (Doc. 29)

## II. Supplemental Motion to Amend

In the instant Supplemental Motion, Plaintiff seeks leave to add four new defendants, all correctional officers for the Arizona Department of Corrections. (Doc. 43-1 (proposed Second Amended Complaint) at 2-3) Plaintiff alleges these new defendants, along with the previously named defendants, "were on duty the morning that Plaintiff was attacked and controlled access to the cell in which Plaintiff was sleeping." (*Id.* at 4) He claims they were

- 2 -

"responsible for Plaintiff's safety and were deliberately indifferent in the operation of the electronic door to Plaintiff's cell when the inmates who assaulted him were lurking in the area outside of the cell waiting to attack." (*Id.*) Plaintiff claims the defendants were deliberately indifferent in allowing Plaintiff's attackers to access and subsequently leave Plaintiff's cell. (*Id.*)

Plaintiff argues his Supplemental Motion should be granted because it is in the interest of justice and the relevant factors for the Court's consideration weigh in his favor. (Doc. 43 at 2-3) Plaintiff contends there is no bad faith, the amendments would not be futile, and they would not cause undue prejudice to the defendants. (*Id.* at 3)

Defendants argue in the Response that because Plaintiff's motions to amend were filed after the deadline in the scheduling order, Plaintiff must demonstrate good cause for the untimely motions. (Doc. 46 at 3-4) They contend he cannot show good cause here because he knew the identities of the four new defendants well before the deadline but waited until after the deadline to file the motions to amend. (*Id.* at 4-5)  Defendants further argue that allowing Plaintiff to amend would be futile because 1) the statute of limitations has expired as to the new defendants; and 2) Plaintiff fails to state a claim upon which relief may be granted. (*Id.* at 5-7)

**A. Legal Standards**

Federal Rule of Civil Procedure 15(a), which typically governs the amendment of civil complaints, provides that "leave [to amend a pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Granting or denying a motion to amend is a matter within the court's discretion. *See,*

1  *e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory
2  Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

3  When, however, a party seeks leave to amend a complaint after a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), Fed.R.Civ.P., and after the designated deadline for amending pleadings has passed, the party must first make a showing of "good cause" under Rule 16(b)(4).[3] *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 608 (9th Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and internal quotation marks omitted). When seeking leave to amend after the deadline imposed by the scheduling order, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 965, 952 (9th Cir. 2006) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to impose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

For purposes of Federal Rule of Civil Procedure 16(b)(4), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Id.* (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

---

[3] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent."

1    Moreover, a district court may deny as untimely an amendment motion filed after the
2 scheduling order's cut-off date where no request to modify the order has been made.
3 *Johnson*, 975 F.2d at 608-09 ("We see no reason to deviate from that approach here, but the
4 result would not change if Johnson's motion to amend the complaint were treated as a de
5 facto motion to amend the scheduling order rather than a motion to join a party after the
6 binding cut-off date for the motion had passed.") (citing *U.S. Dominator, Inc. v. Factory Ship
7 Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)) (concluding that district courts may
8 deny as untimely a motion filed after the motion cut-off date established in the scheduling
9 order where no request to modify the order has been made).

**B. Analysis**

**1. Rule 16 Standard**

Here, because the scheduling order established an August 8, 2013 deadline for amending pleadings, doc. 15 at 2 and doc. 25 at 3, Plaintiff's ability to amend his complaint is governed by the "good cause" standard in Rule 16(b)(4), not the standard in Rule 15(a)(2). His argument in the Reply, doc. 49, that Rule 15 governs amendment at this stage of this litigation reveals a patent lack of understanding of the amendment rules in federal district courts established in *Johnson,* and reaffirmed in *AmerisourceBergen Corp.*, *supra*, and thus is without merit.

The facts show Plaintiff was not diligent in meeting the deadline for amendment of pleadings. In the first Motion to Amend, Plaintiff attempts to justify the late filing by claiming Defendants disclosed the roster that contained the names of three of the four new defendants after the August 8 deadline.[4] (Doc. 39) After Defendants presented evidence in their Response that the roster was actually disclosed back on June 21, 2013, Plaintiff had to concede in the Reply that the names had been timely disclosed. (Docs. 46 at 5; 49 at 3) Plaintiff further attempts to shift the blame for his own misgivings to Defendants by claiming

---

[4] Plaintiff concedes in the Supplemental Motion that the fourth new defendant was disclosed prior to the August 8 deadline and the failure to seek leave to add this party prior to the deadline was oversight on his part. (Doc. 43 at 3)

- 5 -

they intentionally "buried this duty roster in photographs, where it was likely to missed by Plaintiff." (Doc. 49 at 3) Plaintiff provides no factual support for this speculative aspersion hurled at Defendants and their counsel.

The Court finds Plaintiff has not demonstrated good cause to support his untimely motions to amend. All four names of the new defendants Plaintiff seeks to add were known, or should have been known, to Plaintiff well before the August 8 deadline. Moreover, when the Court made it especially clear in its July 3, 2013 Order, doc. 25, that there would be no further extensions of case management deadlines, the onus was on Plaintiff to thoroughly review all disclosed records and ensure any request to add additional parties was submitted before the August 8 deadline. Based on Plaintiff's failure to satisfy the "good cause" standard in Rule 16(b)(4), the Supplemental Motion will be denied.

**2. Rule 15 Standard**

Even if the Court were to accept Plaintiff's contention, which it does not, that his request to amend is governed by Rule 15, the Court would still deny leave to amend. Although there is no evidence of bad faith on Plaintiff's part, other significant factors weigh against granting leave to amend.

**a. Undue Delay**

For the same reasons the Court found a lack of diligence above, the Court finds Plaintiff's failure to file a timely motion to amend constitutes undue delay. As noted above, in the Order issued July 3, 2013, maintaining the August 8 deadline for filing motions to amend pleadings, the Court clearly warned the parties that no further deadline extensions would be granted. (Doc. 25 at 3)  As the record shows, Plaintiff actually possessed, for a full month-and-a-half before the deadline, all the information he needed to file a timely motion to amend to add the four proposed new defendants. Other than counsel's admitted oversight, Plaintiff offers no valid reason for waiting until after the deadline to file his motions to amend.

Further, granting leave to amend would essentially start the case over with respect to the new defendants. They would need to be served with process and new discovery

- 6 -

1 conducted with respect to their involvement in the incident, if any, and likely the entry of
2 another case management order. It would add more delay and expense in reaching the merits
3 of Plaintiff's claims, and render it less likely the Court and parties could substantially meet
4 the congressional recommended guideline, established in the Civil Justice Reform Act, that
5 a trial be held eighteen months after the Complaint was filed. *See* 28 U.S.C. § 473(a)(2). An
6 amended complaint with new defendants at this late stage is also inconsistent with Rule 1,
7 Fed.R.Civ.P. ("These rules . . . shall be construed and administered to secure the *just, speedy,*
8 *and inexpensive* determination of every action.") (emphasis added). Under these
9 circumstances, the Court finds Plaintiff's failure to file a timely motion to amend constitutes
10 undue delay such that leave to amend should be denied.

**b. Futility**

Next, the Court agrees with Defendants that granting Plaintiff leave to amend to add four new defendants would be futile because the statute of limitations has expired. The assault incident on which Plaintiff's claims are based occurred on July 28, 2010. (Doc. 4 at 3) Plaintiff filed the instant action on July 27, 2012, the last day before the two-year statute of limitations expired. *See Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (holding that for § 1983 claims, the federal courts borrow the statute of limitations applicable to personal injury claims in the forum state which,in Arizona, is two years).

Plaintiff argues in the Reply that the amendment he seeks relates back to the date of the original pleading pursuant to Fed.R.Civ.P. 15(c). (Doc. 49 at 4-5) He claims the factors that support relation back of amendments are present here.

Federal Rule of Civil Procedure 15(c) provides in pertinent part:

(1) An amendment of a pleading relates back to the date of the original pleading when:

\* \* \*

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out — or attempted to be set out in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period

      provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

          (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

          (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff relies on *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir. 1984), and *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994), to argue there is a "sufficient community of interest" between the original defendants and the proposed new defendants such that the new defendants have received notice of the action and would not be prejudiced by having to defend against it. Plaintiff's reliance is misplaced.

In *Korn*, Plaintiff originally sued Royal Caribbean Cruise Line, Inc. ("RCCL Inc.") after suffering a knee injury during a fall on a cruise ship's basketball court. *Korn*, 724 F.2d at 1398. After learning that RCCL Inc. was not the owner of the ship but only its marketing corporation, Plaintiff attempted to amend the original complaint to name the proper defendant, Royal Caribbean Cruise Line A/S ("RCCL A/S"). *Id.* The motion to amend was denied by the district court because the proper defendant was not served before the statute of limitations expired and thus did not receive the required notice under Rule 15(c). *Id.*

The Ninth Circuit reversed and ruled that RCCL A/S received sufficient notice of the lawsuit such that it would not be prejudiced if added as a party. *Id.* at 1401. The Court relied in large part on the fact that correspondence from Plaintiff to RCCL Inc. was forwarded by the operating agent for RCCL A/S to the insurance company handling the claim. *Id.* at 1400-1401. Moreover, all correspondence between the insurance company and Plaintiff's counsel had been sent to the operating agent for RCCL A/S. *Id.* at 1401 The Court found that the insurance company, RCCL A/S's agent for insurance purposes, "knew full well of the pending suit and had been notified that the complaint was filed before expiration of the limitation period." *Id.* at 1401. Consequently, the Court found there was "a sufficient community of interest" between RCCL Inc. and RCCL A/S "from which to impute

- 8 -

knowledge of the claim and of the lawsuit to RCCL A/S within the relevant time period." *Id.* at 1401.

Similarly, in *Pan Ocean*, Plaintiff filed suit against several defendants after receiving damaged goods that had been shipped from Taiwan. *Pan Ocean,* 23 F.3d at 1500. Plaintiff failed to include among the defendants, however, the owner of the shipping vessel, Pan Ocean. *Id.* Plaintiff subsequently moved to amend the complaint pursuant to Rule 15(c) to add Pan Ocean, which the district court granted. *Id.* In a subsequent appeal, Pan Ocean argued the district court erred by permitting Plaintiff to amend its complaint after the statute of limitations expired. *Id.*

Relying on *Korn*, the Ninth Circuit disagreed, finding that naming Pan Ocean's claims agent as a defendant was sufficient notice to Pan Ocean to satisfy Rule 15(c). *Id.* at 1502. The Court found the relationship between Pan Ocean and its claims agent established a "community of interest" such that notice of the action to the claims agent was sufficient to provide notice to Pan Ocean. *Id.* at 1503. The Court held that "Rule 15(c) notice is satisfied 'when the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Id.* (quoting 6A Charles Miller, et al., *Federal Practice and Procedure § 1499* at 146 (2d ed. 1990)).

Here, Plaintiff argues the relationships between the corrections officers originally named as defendants and the four officers Plaintiff seeks to add are akin to the relationships in *Korn* and *Pan Ocean* such that Rule 15(c) is satisfied. (Doc. 49 at 5) Plaintiff claims because the proposed new defendants "work in the same prison," and "conduct the same job, in the same location" as the original defendants, there is sufficient community of interest to impute notice on the proposed new defendants. (*Id.*) The Court disagrees.

The relationships at issue in *Korn* and *Pan Ocean* were business relationships between entities. In each case, the entity that received actual notice of the lawsuit was closely related to the entity that was later named as a defendant. Moreover, significant evidence existed in both cases to show that the entities subsequently added as defendants had actual knowledge

- 9 -

1 of the lawsuit from the beginning in light of their relationships with the originally named
2 entities.

3 Plaintiff has shown no such evidence here. Plaintiff speculates that simply because
4 the proposed new defendants were on the same roster sheet as existing defendants, the
5 proposed new defendants have actual knowledge of the lawsuit and would not be prejudiced
6 by having to defend against it after the statute of limitations has expired. Plaintiff presents
7 no evidence beyond his own speculation to show such knowledge. Plaintiff fails to show the
8 proposed new defendants were even aware of the alleged incident involving Plaintiff, let
9 alone that a lawsuit regarding the incident was filed more than a year ago. Taking Plaintiff's
10 Rule 15(c) argument to its ridiculous extreme, every time an inmate is injured in a prison
11 facility allegedly by a prison employee, all employees on the duty roster at the time of injury
12 may be added to the lawsuit well after the statute of limitations has run. Here, Plaintiff has
13 failed to show the kind of "community of interest" that was present in *Korn* and *Pan Ocean*.
14 As a result, those cases are clearly distinguishable from the case *sub judice*.

15 Based on the foregoing analysis, Plaintiff has not satisfied the requirements of Rule
16 15(c) and, as a result, Plaintiff's proposed amendment to add four new defendants would not
17 relate back to the date of the original pleading. Absent relation back, adding the new
18 defendants at this stage would violate the statute of limitations. Granting Plaintiff leave to
19 amend would, therefore, be futile.[5]

20 **III. Conclusion**

21 "In these days of heavy case loads, trial courts . . . set schedules and establish
22 deadlines to foster the efficient treatment and resolution of cases." *Hostnut.Com, Inc. v. Go*
23 *Daddy Software, Inc.*, 2006 WL 1042335, at *1 (D. Ariz. April 19, 2006) (quoting *Wong v.*
24 *Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (internal quotation marks
25 omitted). "The parties must understand that they will pay a price for failure to comply strictly
26 with scheduling and other orders. . . ." *Id. See also*, *Gomez-Silva v. Jackson Nat. Life Ins.*

---

28 [5] Because the Court finds the amendment would be futile on statute of limitations grounds, it need not address Defendants' futility argument based on failure to state a claim.

- 10 -

*Co.*, 2011 WL 1656507, at *1 (D. Ariz. May 3, 2011) (motion for summary judgment untimely filed beyond the dispositive motion deadline as plaintiff did not show good cause for extending the deadline; motion was stricken)**.**

The proper standard to apply in deciding Plaintiff's Supplemental Motion is Rule 16(b)(4)'s "good cause" standard. Based on Plaintiff's lack of diligence in complying with the motion to amend deadline in the scheduling order, the Court finds Plaintiff has not shown good cause.  As a result, the Supplemental Motion will be denied. However, even if the Court applied the Rule 15 standard, as argued by Plaintiff, it would reach the same result. Plaintiff's undue delay in seeking leave to amend along with the futility of the proposed amendments compels denial of leave to amend.

Accordingly,

**IT IS ORDERED** that Plaintiff's Supplemental Motion to Amend Complaint, doc. 43, is **DENIED**.

Dated this 10th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge

- 11 -